# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

PHILLIP EARL PATTERSON,           :
           :
      Petitioner,           :
           :
    VS.           :      **4 : 10-CV-27 (CDL)**
           :
DON JARRIEL, Warden,           :
           :
      Respondent.           :

## RECOMMENDATION

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 1987 Muscogee County convictions for malice murder, armed robbery, and theft by taking. (Doc. 1). Following a jury trial and the return of a guilty verdict, Petitioner was sentenced to consecutive life sentences for malice murder and armed robbery, and a twenty (20) year sentence for theft by taking, to run consecutively. After the state habeas court granted Petitioner time to pursue an out-of-time appeal, Petitioner appealed his conviction to the Supreme Court of Georgia. His convictions and sentences were affirmed on appeal on June 29, 2009. *Patterson v. State*, 285 Ga. 597, 679 S.E.2d 716 (2009).

Petitioner filed this federal habeas petition on March 1, 2010, raising four grounds for relief. (Doc. 1). Respondent moved to dismiss the Petition based on the lack of exhaustion of Ground 3. Petitioner withdrew Ground 3 from his Petition and elected to proceed on Grounds 1, 2, and 4. (Doc. 9).

## Factual Background

This Court is "bound under 28 U.S.C. § 2254[(e)] to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th

Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall

have the burden of rebutting the presumption of correctness by clear and convincing evidence."

28 U.S.C. § 2254(e)(1). The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") thus

retains the statutory presumption of correctness that is to be afforded state courts' factual

findings. *Id.* As no dispute has been raised herein regarding the findings of fact issued by the

Supreme Court of Georgia, said findings are hereby adopted as follows:

> Appellant Phillip Earl Patterson was convicted in 1987 of the malice
> murder and armed robbery of Bruce Keeter, an assistant manager of
> a fast-food restaurant in Columbus, Georgia, and the theft by taking
> of the victim's automobile. (FN1)
>
> > FN1. Mr. Keeter was found dead in the restaurant
> > on September 14, 1986. The Muscogee County
> > grand jury returned a true bill of indictment on
> > December 30, 1986, charging appellant and two
> > others with malice murder, armed robbery, and theft
> > by taking, and appellant and one other with
> > possession of a firearm by a convicted felon.
> > Appellant was arrested in May 1987 and his trial on
> > all charges except the firearm possession took place
> > from August 10-15, 1987. The State sought the
> > death penalty, but the jury, after returning its
> > verdicts finding appellant guilty of all charges on
> > August 15, recommended a sentence of life
> > imprisonment at the conclusion of the punishment
> > phase of the proceedings, also on August 15. A pro
> > se motion for out-of-time appeal was filed April 5,
> > 1988. On November 1, 2001, appellant's petition for
> > habeas corpus relief was granted and appellant was
> > afforded the opportunity to pursue an out-of-time
> > appeal. A motion for new trial, filed within 30 days
> > of the grant of the out-of-time appeal, was amended
> > May 24, 2007, and the amended motion was heard
> > on December 7, 2007. The order denying the
> > amended motion was filed August 15, 2008, and
> > appellant filed a timely notice of appeal on August
> > 20. The appeal was docketed in this Court on
> > September 3, 2008, and was submitted for decision
> > on the briefs.

1. The State presented evidence that the victim died as a result of a bullet that struck him behind the right ear, traversed his brain, and lodged in his left temple. He was killed between 1:00 a.m. and 5:00 a.m. on September 14, 1987, and $373 and a zipped bank bag were missing from the restaurant. Several miles away from the restaurant, the victim's car was found with a broken passenger window and bloodstains. Timothy Morgan and Ronald Kinsman, former roommates and appellant's co-indictees, testified for the State. Morgan, who was awaiting trial and had been assured the death penalty would not be sought against him if he testified against appellant, testified that appellant owed Kinsman money and Kinsman demanded payment the week before the victim was killed. Shortly after the demand for payment, the trio broke into a home where appellant found a pistol. On the night of the murder, appellant arrived with the gun at the apartment shared by the co-indictees and the trio left together after 1:00 a.m. Appellant and Kinsman entered the fast-food restaurant and returned five minutes later. Kinsman had the keys to the victim's car and drove it away, while appellant and Morgan followed. They abandoned the victim's car and drove across a bridge where appellant, who had placed the pistol into the zipped bank bag which he had taken from the restaurant, threw the bag into the river. When they returned to the co-indictees' apartment, appellant gave money to Kinsman and said he would re-pay the remainder of his debt when he could. Kinsman later remembered he had left the victim's keys in the abandoned car and, fearing his fingerprints were on the keys, he and Morgan returned to the car, where Kinsman cut his finger when he broke the passenger window to gain access to the keys. After Morgan saw news reports that the victim had been killed, appellant denied having killed the victim and threatened to kill Morgan if he mentioned it. Appellant told Morgan that Morgan could not prove appellant killed the victim and that appellant's mother and brother would provide him with an alibi.

Kinsman, who had been convicted of the murder of the victim and had received the death penalty (*see Kinsman v. State*, 259 Ga. 89, 376 S.E.2d 845 (1989)), testified that appellant was interested in procuring a gun in order to perform robberies so that he could leave town. Kinsman stated he saw appellant break into a home and come out with a gun, and that he, Morgan, and appellant drove together to the fast-food restaurant where Kinsman and appellant entered the restaurant. Appellant took money from the victim, gave it to Kinsman, and told Kinsman to leave. Kinsman heard a gunshot after he left the building. Appellant exited the building and told Kinsman

he had shot the victim.

A detective who questioned appellant shortly after his arrest testified appellant initially denied any involvement in the death of the victim but concluded the interview by stating that he had done it and his involvement could not be proved because no one had seen him commit the crime. A county jail inmate assigned to a cell adjacent to that of appellant testified appellant told him he had shot the victim.

*Patterson*, 285 Ga. at 597-98.

## Standard of Review

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. "In addition, a state court decision involves

an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In other words, as this is a post-AEDPA case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d)(1).

**Petitioner's Habeas Claims**

In his Petition for federal habeas relief, the Petitioner sets forth the following three grounds for relief: 1) ineffective assistance of counsel; 2) trial court erred by refusing to allow audio tape to be played for jury; 3) trial court erred by allowing the State to place Petitioner's character into evidence (listed as Ground 4 in Petition). (Doc. 1).

*Ineffective assistance of counsel*

In Ground 1, Petitioner alleges that he received ineffective assistance of counsel because his trial counsel failed to object to a statement about Petitioner's right to remain silent during the State's closing argument. (Doc. 1).

In determining if Petitioner's trial counsel was ineffective, the Supreme Court of Georgia

applied the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to find that Petitioner had failed to meet his burden to show actual prejudice as to the allegation of ineffective assistance of counsel.

The Supreme Court of Georgia applied the correct standard for evaluation of ineffective assistance of counsel claims. In *Strickland v. Washington,* 466 U.S. at 687, the United States Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, a defendant must demonstrate that the deficient performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation omitted).

Under the prejudice prong, a petitioner must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986); *Strickland,* 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the *Strickland* test.

*Holiday v. Halley*, 209 F.3d 1243 (11th Cir. 2000). The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

After discussing the applicable standards for evaluating an ineffectiveness of counsel claim, citing Georgia cases which rely on the principles found in *Strickland v. Washington*, the Supreme Court of Georgia found that:

> [Even if] we were to assume trial counsel's failure to object constitutes deficient performance, in light of the evidence that appellant was the armed gunman who confronted and shot the victim and admitted his actions to a co-indictee, a jailmate, and investigating detectives, the assumed deficient performance created little, if any, actual prejudice to be considered in our assessment[.]
>
> . . .
>
> The trial court apparently assumed trial counsel's failure to object constituted deficient performance since the trial court recognized that an attorney's unreasonable trial strategy could amount to deficient performance and concluded that, based on the facts of the case, "that point alone would not have prejudiced the outcome of this case."
>
> . . .
>
> After considering the combined effect of the assumed instances of deficient performance, we conclude, as did the trial court, that appellant did not establish there is a reasonable probability that, but for counsel's errors, the outcome of his trial would have been different.

*Patterson*, 285 Ga. at 601-02.

In his Petition and Response, Petitioner only provided argument that the right to remain silent cannot be used against him, and failed to provide any evidence showing the state court's

decision was either contrary to or an unreasonable application of Federal law. (*See* Docs. 1, 17).

After review, the state court's analysis regarding the representation provided by trial counsel

reveals that its conclusions were neither contrary to nor an unreasonable application of clearly

established Federal law. Thus, this Court is prohibited from issuing habeas relief on the basis of

the Petitioner's claim of ineffective assistance of counsel. 28 U.S.C. §§ 2254(d)(1) &

2254(e)(1); *Williams v. Taylor*, 529 U.S. 362, 387-388 (2000).

***Failure to state a claim***

Respondent maintains that Grounds 2 and 4 in this federal habeas Petition fail to raise

valid grounds for federal habeas relief, as no federal questions were presented. (Doc. 13).

Federal habeas relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62,

67 (1991). "Questions of pure state law do not raise issues of constitutional dimensions for

federal habeas corpus procedures." *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir.

1983). "A state's interpretation of its own laws or rules provides no basis for federal habeas

corpus relief, since no question of a constitutional nature is involved." *Id.* at 1055. Furthermore,

"[r]ules of evidence in state court criminal trials are matters of state law and therefore questions

to be determined solely by state courts." *Duckworth v. Owen*, 452 U.S. 951, 953 (1981)

(Rehnquist, J. dissenting from denial of certiorari); *see also Estelle*, 502 U.S. at 72 (finding

habeas powers do not allow reversals based on a belief that the trial judge incorrectly interpreted

state evidence rules).

<u>*Ground 2*</u>

In Ground 2, Petitioner alleges that the trial court erred by refusing to allow an audio tape

to be played for the jury's consideration. (Doc. 1). Petitioner does not allege that his

Constitutional rights were violated by this evidentiary ruling; rather, Petitioner alleges that the

trial court violated his right to introduce evidence. (*See* Docs. 6-1, 17).  The trial court and the

Supreme Court of Georgia cited to OCGA § 24-3-38, which addresses the evidentiary issue, and

found that not allowing the tape to be played was harmless error because the tape contained

cumulative evidence.  *Patterson*, 285 Ga. at 599.  An error by the trial court based on state law,

not Federal law, is not a claim for relief under 28 U.S.C. § 2254.  *See Estelle*, 502 U.S. at 72.

Accordingly, Ground 2 will not support the granting of the writ herein.

*Ground 4*

In Ground 4, Petitioner alleges that the trial court erred when it allowed one of the State's

witnesses to place Petitioner's character into evidence. (Doc. 1).  Petitioner does not allege, in

his brief on direct appeal or in his federal habeas Petition, that his Constitutional rights were

violated.  Instead, Petitioner alleges that the trial court erred by violating state evidence rules.

(Doc. 6-5).  The Supreme Court of Georgia found that there was no error because the trial court

provided curative instructions regarding the testimony of the State's witness.  *Patterson*, 285 Ga.

at 600.  As the Supreme Court has held questions of evidence are issues of state law and cannot

be decided by a federal habeas court, Ground 4 will not support the granting of the writ herein.

*See also Medina v. Singletary*, 1993 WL 841565 (M.D. Fla.) (finding no federal habeas claim

when the trial court denied a motion for mistrial and provided curative instructions to the jury

after a witness testified to information barred by a motion in limine).

*Conclusion*

As none of the grounds raised by the Petitioner will support the granting of federal habeas

relief, it is the recommendation of the undersigned that this Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may

serve and file written objections to this Recommendation with the Honorable Clay D. Land,

United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 21st day of June, 2011.

**s/ *THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

llf